**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-639C

(Filed: January 12, 2015)

(NOT TO BE PUBLISHED)

**FILED**

**JAN 1 2 2015**

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **DENNIS WATKINS,** | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| **UNITED STATES,** | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Dennis Watkins, *pro se*, Elmira, New York.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Joyce R. Branda, Acting Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Kirk T. Manhardt, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

Plaintiff, Dennis Watkins, alleges wrongful imprisonment by the State of New York ("New York"). *See* Compl. at 1, 3.[1] Pending before the court is the government's motion to

---

[1] In his complaint, Mr. Watkins named six additional plaintiffs, *viz.*, Taiwan Lomack, Jamal Mungro, Argenis Collabo, Denver A. McDowell, Jason Ramos, and Caleb Springer. *See* Compl. at 3. Mr. Watkins claims that he has authorization from these individuals to represent them in this action. Compl. at 4. Nonetheless, Mr. Watkins is not permitted to represent the other named persons. Because Mr. Watkins is not an attorney, he may only represent himself or members of his immediate family. *See* Rule 83.1(a)(3) of the Rules of the Court of Federal Claims ("RCFC") ("An individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any proceeding before this court."). Therefore, the six named individuals that Mr. Watkins identifies are not parties to this action.

dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). *See* Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Def.'s Mot.") at 1, ECF No. 6. Also pending before the court is Mr. Watkins's motion to schedule a preliminary hearing. *See* Pl.'s Mot. for Prelim. Hr'g ("Pl.'s Mot."), ECF No. 8.

## BACKGROUND

Mr. Watkins is currently serving a five-year sentence at the Attica Correctional Facility in Attica, New York. *See* Pl.'s Mot. at 1. He alleges that "New York State court officers" posed as government officials, and "various courts of New York State" used "forceful actions to establish personal, territorial, and subject matter jurisdiction" by compelling him and the other persons named in the complaint to "sign [their] names [and] state [their] names and addresses against [their] will." Compl. at 1, 2. He avers that the actions against him and the other named individuals are commercial rather than criminal in nature, and maintains that the signatures and statements of the individuals were extracted "under duress, threats, [and] coercion." Compl. at 2.

In terms of relief, Mr. Watkins demands the release of himself and the other six named individuals and $630 million dollars for their "time, trouble, [and] mental anguish," including any indirect injury to the individuals' family members. Compl. at 3.[2]

## STANDARDS FOR DECISION

The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Act waives sovereign immunity and allows a claimant to sue the United States for monetary damages. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). However, the Act itself does not provide a substantive right to monetary relief against the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (en banc). "A substantive right must be found in some other source of law." *Mitchell*, 463 U.S. at 216. To fulfill the juridical requirements of the Tucker Act, the plaintiff must establish an independent right to monetary damages by identifying a substantive source of law that mandates payment from the United States for the injury suffered. *Testan*, 424 U.S. at 400; *see also Ferreiro v. United States*, 501 F.3d 1349, 1351-52 (Fed. Cir. 2007) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

Before proceeding to the merits, the "court must satisfy itself that it has jurisdiction to hear and decide a case." *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)) (internal quotation marks omitted). When reviewing a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint to be true and correct." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988)

---

[2]Alternatively, Mr. Watkins requests $1,000,000 for each year of his imprisonment, totaling $2,500,000 as of December 19, 2014. *See* Pl.'s Mot. at 1.

2

(citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The plaintiff bears the burden of "alleg[ing] in his pleading the facts essential to show [subject matter] jurisdiction," *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also Reynolds*, 846 F.2d at 748, and, when challenged, those jurisdictional facts must be proved by a preponderance of the evidence, *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002); *Record Steel & Constr., Inc. United States*, 62 Fed. Cl. 508, 513 (2004).[3]

## ANALYSIS

As a preliminary matter, Mr. Watkins may not bring claims against New York or New York State officials before this court. This court does not have jurisdiction to hear claims against individuals or state governments. The "*only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis in original) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)).

Mr. Watkins styles his complaint as a "Brand New and Revolutionary Idealism and Class Action Lawsuit." Compl. at 3. He does not premise this court's jurisdiction on any particular statutory provision; rather, he raises what appears to be a false-imprisonment tort claim as a basis for jurisdiction, claiming that he and the other six individuals "are illegally being held in these credit houses, investment houses, [also known as] [p]risons" because they were "tricked" and forced to sign documents and issue statements without a "'meeting of the minds'" or mutual assent and without a proper offer and acceptance. Compl. at 2, 6. As the government correctly notes in its motion, the Tucker Act limits this court's jurisdiction to "cases *not* sounding in tort." Def.'s Mot. at 5 (quoting *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 2003) (emphasis in original) (in turn quoting 28 U.S.C. § 1491(a)(1))). This court has no juridical power to decide tort claims, or to "review and overturn convictions[,] or to review in detail the facts surrounding a conviction or imprisonment." *Zakiya v. United States*, 79 Fed. Cl. 231, 234-35 (2007), *aff'd*, 277 Fed. Appx. 985 (Fed. Cir. 2008) (citing *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002); *Lott v. United States*, 11 Cl. Ct. 852, 853 (1987)).

Moreover, Mr. Watkins fails to identify an applicable money-mandating statute or allege the existence of a contract between him and the United States that would provide a basis for the court's jurisdiction. *See generally* 28 U.S.C. § 1491(a)(1). Mr. Watkins in his complaint expressly denies the existence of an enforceable contract, noting that he never "consented into a contract with any municipal agencies or legislative agencies." Compl. at 2. Moreover, in commenting on the jurisdiction of the New York State courts, he denigrates the need for subject matter jurisdiction, noting that "subject matter jurisdiction . . . is [n]o jurisdiction [a]t all."

---

[3]The court generally holds the pleadings of *pro se* plaintiffs to "'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), *aff'd*, 98 Fed. Appx. 860 (Fed. Cir. 2004); *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

Compl. at 2. Accordingly, Mr. Watkins has failed to meet his burden of establishing the court's jurisdiction over his claims.

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED, and Mr. Watkins's complaint is dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. Mr. Watkins's motion to schedule a preliminary hearing is DENIED in light of the jurisdictional defects in his complaint. The clerk shall enter judgment in accord with this disposition.[4]

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge

---

[4] Mr. Watkins's application for leave to proceed *in forma pauperis* is GRANTED. In his application, Mr. Watkins avers that he has no funds in a trust fund account with the Department of Corrections. *See* Pl.'s Appl. to Proceed *In Forma Pauperis* at 2, ECF No. 4. In these circumstances, pursuant to 28 U.S.C. § 1915(b)(2), the clerk shall assess, and Mr. Watkins shall make, "monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," should there be any such income so credited.

4